IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE THE APPLICATION OF ACTIAN
CORPORATION,

Civil Action No. 25-246-GBW

---

## MEMORANDUM ORDER

Pending before the Court is BHS Corrugated North America, Inc.'s ("BHS NA" or "Respondent") Motion to Vacate and Quash ("Motion to Vacate" or "Motion") (D.I. 19), which seeks to vacate the Court's April 16, 2025 Order Authorizing Discovery Pursuant to 28 U.S.C. § 1782 ("Order") and to quash the corresponding subpoenas. The Motion is fully briefed (D.I. 20; D.I. 25; D.I. 28). For the following reasons, the Court grants the Motion.

I.      **BACKGROUND**

Actian Corporation's ("Actian") predecessor licensed "FastObjects" — "a proprietary database software product" — to BHS Corrugated Maschinen-und Anlagenbau GmbH ("BHS Germany") "under a German agreement." *See* D.I. 20 at 2. In December 2023, which was sometime after Actian "acquired the rights to the FastObjects software, the" license "was terminated." D.I. 20 at 2. Actian and BHS Germany presently dispute whether BHS Germany violated the license or infringed Actian's software. *See* D.I. 20 at 2.

On March 4, 2025, Actian filed an *ex parte* application under 28 U.S.C. § 1782 in this Court, seeking authorization to serve subpoenas on BHS NA. D.I. 3. On April 16, 2025, the Court granted Actian's application. D.I. 16. "On or about May 2, 2025, BHS NA was served with the Subpoenas through its registered agent." D.I. 20 at 3. Meanwhile, on February 6, 2025, BHS

Germany "filed a declaratory judgment action against Actian (and its German affiliate) in Germany seeking a declaration that the parties' license agreement was not terminated and of noninfringement." D.I. 25 at 2.

On June 9, 2025, BHS NA filed the present Motion. D.I. 19.

## II.    LEGAL STANDARD

"Section 1782 of Title 28 authorizes a district court, upon the application of any interested person, to order a person residing or found in this district to give testimony or produce documents for use in a proceeding in a foreign or international tribunal." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at \*10 (citing 28 U.S.C. § 1782(a)) (cleaned up). If these "statutory conditions are satisfied, the court then determines in its discretion whether the requested discovery should be allowed, taking into consideration certain factors identified by the Supreme Court in *Intel*." *Id.* at \*10-11 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 263-64 (2004)).

The *Intel* factors are "(1) whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States; (4) whether the subpoena contains unduly intrusive or burdensome requests." *Id.* at \*11 (citation omitted).

"To decide a motion to vacate under Section 1782, a district court should first consider the statutory requirements." *Amazon.com, Inc. v. Nokia of Am. Corp.*, Civil Action No. 24-493-GBW, 2025 U.S. Dist. LEXIS 8982, at \*10 (D. Del. Jan. 16, 2025) (citing *In re Sauren Fonds-Select Sicav*, No. 16-cv-00133-SDW-LDW, 2016 U.S. Dist. LEXIS 148281, at \*6-8 (D. N.J Oct. 26,

2

2016)). "If the court reaffirms that the petitioner met the statutory factors, it then considers whether it appropriately exercised its discretion in view of the discretionary *Intel* factors." *Id.*

## III.    DISCUSSION

BHS NA does not dispute that § 1782's statutory conditions are satisfied. Therefore, the Court only considers whether the *Intel* factors support BHS NA's Motion to Vacate. Having considered the record in this action and the *Intel* factors, the Court grants BHS NA's Motion.

### A.    The First *Intel* Factor Weighs in Favor of BHS NA's Motion

The first *Intel* factor addresses "whether the evidence sought is within the foreign tribunal's jurisdictional reach, and thus accessible absent section 1782 aid." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *11. "This factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity." *In re Michael Page do Brasil Ltda.*, Civil Action No. 17-4269 (KM), 2018 U.S. Dist. LEXIS 219045, at *12-13 (D.N.J. Jan. 19, 2018) (citing *In re Judicial Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd.*, No. 2:14-CV-00797-GMN, 2015 WL 3439103, at *6 (D. Nev. May 28, 2015); *In re Kreke Immobilien KG*, No. 13 Misc. 110 (NRB), 2013 WL 5966916, at *5 (S.D.N.Y. Nov. 8, 2013) (denying discovery sought from parent company under § 1782 when subsidiary company was participant in foreign proceeding because, *inter alia*, "the notion that [the parent company] could somehow be a nonparticipant in the foreign action is untenable")).

As described above, Actian and BHS Germany dispute whether BHS Germany violated the license agreement or infringed Actian's software. With its Petition and corresponding subpoenas, Actian "effectively seeks discovery from" BHS Germany, i.e., "a participant in the foreign" dispute even though Actian here "is seeking discovery from" BHS NA, i.e., "a related,

but technically distinct entity." *See In re Michael Page do Brasil Ltda.*, 2018 U.S. Dist. LEXIS 219045, at *12-13. This factor thus supports BHS NA's Motion.

**B.     The Second *Intel* Factor Weighs Against BHS NA's Motion**

The second *Intel* factor addresses "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *11. "A foreign tribunal's willingness to accept evidence obtained through the section 1782 process generally weighs in favor of granting such petitions." *In re Michael Page do Brasil Ltda.*, 2018 U.S. Dist. LEXIS 219045, at *15. Numerous courts have determined "that the second *Intel* factor favors the granting of § 1782 applications for evidence to be used in German court proceedings." *In re Financialright Claims GmbH*, Civil Action No. 23-1481-CFC, 2024 U.S. Dist. LEXIS 209593, at *19-20 (D. Del. Nov. 18, 2024). Therefore, this factor weighs against BHS NA's Motion. *See* D.I. 28 (abandoning reliance on the second *Intel* factor).

**C.     The Third *Intel* Factor Weighs in Favor of BHS NA's Motion**

The third *Intel* factor addresses "whether the request conceals an attempt to circumvent foreign proof gathering restrictions or other policies of a foreign country or the United States." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *11. BHS NA contends that Actian's request is an attempt to circumvent proof-gathering restrictions in the German courts because "Actian has not attempted to request discovery in Germany." D.I. 20 at 9. However, Actian explains that "German courts do not permit general discovery; requests for information or documents must be specific and narrowly tailored, identifying the precise subject matter and, where applicable, the type of documents sought." D.I. 25 at 10. Actian contends that it is "unaware of the specific documentation needed within BHS's possession [and that it] only knows the general information

4

it needs to verify." D.I. 25 at 9. Accordingly, Actian asserts that it has no available mechanism to obtain the discovery it seeks in Germany.

"It is not a prerequisite for a § 1782 applicant to exhaust all potential discovery procedures in the foreign proceedings in order to obtain a federal court's assistance under the statute." *In re Nokia Techs. Oy*, No. 23-01395-GBW, 2024 U.S. Dist. LEXIS 70832, at *9 (D. Del. Apr. 18, 2024). "Even so, a perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *Id.* at *10 (quotation marks and citations omitted). "Put differently, the § 1782 applicant's conduct in the foreign forum is not irrelevant." *Id.* (citation omitted).

As Actian explains "in its briefing why it believes it cannot receive the discovery it seeks in Germany, the Court is not convinced that [Actian's] request is 'tainted by a surreptitious effort to bypass foreign discovery rules.'" *See id.* (citation omitted). "However, the Court also notes that [Actian] has not attempted to seek any discovery from [BHS Germany] in Germany— including in the action that is already pending before that court." *See id.* at *10-11; *see also* D.I. 20 ("Actian has not attempted to request discovery in Germany."); D.I. 25 (not contesting the factual basis for this contention); *see also In re Honeywell Int'l Inc. Consol. Stockholder Litig.*, No. 19-cv-898-CFC, 2024 U.S. Dist. LEXIS 22184, at *10 n.1 (D. Del. Feb. 8, 2024) ("When a party files an opposition brief and fails to contest an issue raised in the opening brief, the issue is considered waived or abandoned by the non-movant." (citation omitted))

"On balance, the Court finds that [Actian's] failure to attempt discovery in Germany indicates an attempt to circumvent the German courts' discovery rules, but not a 'surreptitious' effort to do so." *See In re Nokia Techs. Oy*, No. 23-01395-GBW, 2024 U.S. Dist. LEXIS 70832,

at *11. "Thus, the Court finds that this factor weighs slightly" in favor of BHS NA's Motion. *See id.*

**D.    The Fourth *Intel* Factor Weighs in Favor of BHS NA's Motion**

The fourth *Intel* factor addresses "whether the subpoena contains unduly intrusive or burdensome requests." *In re King Mun.*, 2023 U.S. Dist. LEXIS 192250, at *11. "Thus, assessment of the fourth factor is virtually identical to the familiar overly burdensome analysis that is integral to the Federal Rules." *In re Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016) (quotation marks and citation omitted). "It is of course true that responding to a subpoena is inevitably a burden, and often an onerous one." *AbbVie Inc. v. Boehringer Ingelheim Int'l GMBH*, No. 17-1065-MSG, 2018 U.S. Dist. LEXIS 86434, at *9 (D. Del. May 23, 2018). "When discovery is sought from a non-party," as in the present dispute, "a court may take into account whether the discovery can be obtained from a fellow litigant, rather than from a bystander." *Id.*

Here, this factor is similar to the third *Intel* factor, in that it appears that the discovery requested can, at least in part, be obtained from the actual litigant and interested party, i.e., BHS Germany, and that Actian has not adequately attempted to obtain such discovery from BHS Germany, rendering the present subpoenas overly burdensome. *See* D.I. 5 at 3-4 (admitting that Actian seeks discovery regarding: "database software embedded in products sold by BHS and BHS Germany; BHS Germany's business activities in the United States; support calls from customers about BHS Germany's software; . . . and revenue from BHS Germany sales of FastObjects, revenue from BHS Germany sales of only software products, and revenue from BHS Germany control systems"); *see also* D.I. 20 ("Actian has not attempted to request discovery in Germany."); D.I. 25 (not contesting the factual basis for this contention). Therefore, the fourth *Intel* factor weighs in favor of BHS NA's Motion.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS BHS NA's Motion to Vacate and Quash (D.I. 19).

* * *

WHEREFORE, at Wilmington this 13th day of August 2025, **IT IS HEREBY ORDERED** that BHS NA's Motion to Vacate and Quash (D.I. 19) is **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE